Case 4:23-cv-00755   Document 5   Filed on 03/23/23 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 24, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA, <br> TDCJ #00711435 | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-23-755 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Michael Hosea, a Texas state inmate representing himself, has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1995 conviction and sentence for murder. (Docket Entry No. 1). Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court is required to review a petition for federal habeas corpus relief and dismiss it if "[i]t plainly appears from the petition . . . that the petitioner is not entitled to relief . . . ." After considering Hosea's petition and all matters of record, the court dismisses his petition as successive. The reasons are explained below.

**I.   Background**

In 1995, Hosea was convicted of murder and sentenced to a 40-year prison term. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch (last visited March 21, 2023). In his current petition, Hosea alleges that the trial court failed to include a jury charge regarding the testimony of a 14-year-old juvenile accomplice witness. (Docket Entry No. 1 at 5–6). He seeks a "de novo hearing." (*Id.* at 13).

The court's records show that Hosea filed a previous federal habeas petition challenging his 1995 conviction, which was dismissed as untimely filed. *See Hosea v. Stephens*, Civil No. H-14-751 (S.D. Tex., Houston Div.).

## II. Discussion

Hosea's petition for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335–36 (1997). "Under AEDPA, a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333–34 (2010)). But before filing a second or successive petition, the petitioner "must first obtain leave from the court of appeals based on a 'prima facie showing' that [the] petition satisfies the statute's gatekeeping requirements." *Id.* A petitioner may not bring claims "presented in a prior application," 28 U.S.C. § 2244(b)(1), and "may bring a new claim only . . . if [the petition] relies on a new and retroactive rule of constitutional law or if it alleges previously undiscoverable facts that would establish his innocence." *Banister*, 140 S. Ct. at 1704 (citing 28 U.S.C. § 2244(b)(2)). A district court cannot consider any claim, even a new one, in a second or successive petition without an order from the court of appeals authorizing the district court to do so. *See* § 2244(b)(3)(A).

Hosea's petition in this case meets the second-or-successive criteria. To the extent his petition re-urges a habeas claim that was dismissed in his earlier federal proceedings, his claim must be dismissed. *See* 28 U.S.C. § 2244(b)(1). To the extent he brings a new habeas claim, this court has no record of an order from the Fifth Circuit authorizing Hosea to file a successive petition. Without this authorization, this court has no jurisdiction to consider his current petition.

Because the appellate court has not authorized a successive petition, this court lacks jurisdiction over Hosea's habeas claim challenging his 1995 conviction and sentence. This habeas action must be dismissed as an unauthorized successive writ.

### III.     Certificate of Appealability

Hosea has not requested a certificate of appealability ("COA"), but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a COA when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue when the prisoner shows that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Rudd v. Johnson,* 256 F.3d 317, 319 (5th Cir. 2001) (citing *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Hosea has not made the necessary showing. Accordingly, a certificate of appealability is denied.

### IV.     Conclusion

Hosea's petition, (Docket Entry No. 1), is dismissed without prejudice as successive. All pending motions, including Hosea's application to proceed without prepaying the filing fee, Docket Entry No. 2, are denied as moot. A certificate of appealability will not be issued.

SIGNED on March 23, 2023, at Houston, Texas.

                                                                                         Lee H. Rosenthal
                                                                                         United States District Judge